**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER FRANCISCO ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-72153<br><br>B.I.A. No. A088-448-913<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2015
San Francisco, California

Before:  GILMAN,** GRABER, and WATFORD, Circuit Judges.

Lester Espinoza, a native of Nicaragua, left his country in 1995 when he was

approximately 16 years old.  His family—and his father in particular—were

supporters of the Liberal Party, which was in power in Nicaragua until 1979, the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Ronald Lee Gilman, Senior United States Circuit Judge
for the Court of Appeals for the Sixth Circuit, sitting by designation.

year when Espinoza was born. In 1979, however, the government was overthrown by the Sandinista National Liberation Front (the Sandinistas).

Espinoza claims that, since 1979, his family has faced persecution by the Sandinista government because of his family's political affiliation. The immigration judge (IJ) denied Espinoza's applications for relief from removal in December 2010, finding that his asylum claim was time-barred and that he had failed to make the requisite showings on his other claims. The Board of Immigration Appeals (BIA) dismissed Espinoza's appeal in June 2012, assuming without deciding that his asylum claim was timely but rejecting it (and the other claims) on the merits.

Where "the BIA conducts a de novo review of an IJ's decision, rather than adopting the IJ's decision as its own, the Ninth Circuit reviews the BIA's decision." *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005). We must treat the agency's findings of fact as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). To determine whether a reasonable person would have been compelled to reach a conclusion contrary to that reached by the BIA, we review the record to determine whether it contains

"reasonable, substantial, and probative" evidence to support the facts found. *Elias-Zacarias*, 502 U.S. at 481 (internal quotation marks omitted).

Espinoza's first contention on review is that the BIA exceeded its regulatory authority by finding new facts in order to resolve his asylum claim on the merits. He is mistaken. Every fact that the BIA used to resolve his asylum claim was found by the IJ in the course of deciding Espinoza's other claims.

Turning now to the substance of the BIA's decision, we find no error in the denial of Espinoza's claims. We have held that, on very similar facts, a reasonable factfinder would not be compelled to conclude that the applicant had established the well-founded fear of past or future persecution required to qualify for asylum. *See Gutierrez-Centeno v. INS*, 99 F.3d 1529, 1531 (9th Cir. 1996) (upholding the BIA's determination that a Nicaraguan seeking asylum had not established past persecution by the Sandinistas where her family prominently supported an opposing political party and several of them had been imprisoned, killed, or had their property confiscated). Here, as there, "[a]lthough we do not find [the petitioner's] claim to be without substantial support, we cannot conclude that the evidence presented was so compelling" as to require reversal. *Id.*

Because Espinoza has not met the requisite standard to qualify for asylum, we cannot set aside the BIA's conclusion that he has failed to meet the "more

stringent," "clear probability of future persecution" test for withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Nor do we see any reason to dispute both the IJ's and the BIA's conclusion that Espinoza has failed to show that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal," 8 C.F.R. § 1208.16(c)(2), because, in the agency's words, "his family has apparently avoided any such harm, [so] there is no basis to conclude that [he] is more likely than they are to be tortured."

Petition **DENIED**.